Rochelle N. Belnap
The Arizona Credit Law Group, PLLC
700 E Baseline Rd. Ste C-3
Tempe, AZ 85283
State Bar No. 029172
Fax: (480) 907-7126
rochelle@azclg.com
Tel: (480) 907-6088

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA, TUCSON DIVISON

| Michael A. Leslie, | No: |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | |
| New Penn Financial, LLC dba Shellpoint Mortgage Servicing, LLC. | |
| Defendant. | |

COME NOW the Plaintiff, Michael A. Leslie, by and through undersigned counsel, for his claims against the Defendant, New Penn Financial, LLC dba Shellpoint Mortgage Servicing, LLC, pleads as follows:

**JURISDICTION**

1. This Court has jurisdiction over this action under 47 U.S.C. § 227(a)(1) the Telephone Consumer Protection Act (herein the "TCPA"), 15 U.S.C. § 1692k(d) the Fair Debt Collection Practices Act (herein the "FDCPA"), and 28 U.S.C. §§ 1331, 1337.

2. Venue is proper pursuant to 28 U.S.C. § 1391 because the occurrences and transactions giving rise to this action occurred in Tucson, Arizona.

Complaint- 1

## THE PARTIES

3. Plaintiff, Michael A. Leslie, is a resident of the State of Arizona and the former owner of property located at 3631 W. Quasar St., Tucson, AZ 85741 (herein the "Tucson Property").

4. Plaintiff, with his former wife, Dawn M. Leslie, purchased the Tucson Property in January 2007 financed through JPMorgan Chase Bank, N.A. (herein "Chase") using what is commonly referred to as "80/20 mortgage financing."

5. Plaintiff and his former wife divorced, and pursuant to the divorce decree in January 2008. Plaintiff was awarded the property along with the responsibility of paying the mortgage.

6. On or around May 2008, Plaintiff was unable to meet his mortgage obligation and Chase initiated foreclosure proceedings in August 2008, and the property was sold at trustee's sale in September 2009.

7. The note for the second mortgage was transferred to Resurgent Mortgage Servicing after the foreclosure, who then transferred servicing to New Penn Financial, LLC dba Shellpoint Mortgage Servicing, LLC (herein "Shellpoint") in or around April 2015.

8. Defendant, New Penn Financial, LLC dba Shellpoint Mortgage Servicing, LLC is a national mortgage loan servicer conducting business in the State of Arizona and in Pima County.

## GENERAL ALLEGATIONS

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Plaintiff executed a note for approximately $35,550 to secure a second mortgage on the Tucson Property (herein the "Debt") with Chase, and this money was used to acquire the property and is considered a "purchase money" security interest.

11. The Debt is protected by Arizona's anti-deficiency statutes A.R.S. § 33-729, 33-814, and neither Chase, Resurgent nor Shellpoint had any recourse against Plaintiff beyond the sale of the collateral as the Debt is non-recourse.

2

12. Shellpoint is a "debt collector" as defined by the FDCPA.
13. Shellpoint is attempting to a collect a consumer type debt allegedly owed by Plaintiff, specifically a second mortgage account.
14. Shellpoint and Plaintiff did not have an existing business relationship because Shellpoint acquired the Debt years after the foreclosure; further, Shellpoint has no legitimate reason to contact Plaintiff at all.
15. On April 21, 2015, Shellpoint called Plaintiff's cellular phone, attempting to collect the Debt.
16. Shellpoint is also engaging in debt collection activity, including making repeated phone calls to Plaintiff's cellular phone, and by sending Plaintiff mortgage statements for the Debt via U.S. Mail, and Shellpoint has also proposed a settlement offer on the non-recourse Debt via U.S. mail.
17. Plaintiff demanded that Shellpoint cease phone calls, and despite his unequivocal request to stop calling him, Shellpoint continues to place repeated phone calls to Plaintiff's cellular phone.
18. At all relevant times herein, Shellpoint called Plaintiff's cellular phone by using an automated telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").
19. Shellpoint called Plaintiff on the following dates and times (**Exhibit 1**):
    a. April 21, 2015 at 3:16 p.m.
    b. August 5, 2015 at 11:25 a.m.
    c. October 5, 2015 at 9:37 a.m.
    d. October 22, 2015 at 10:07 a.m.
    e. February 10, 2016 at 9:12 p.m.
    f. February 12, 2016 at 9:21 a.m.
    g. February 24, 2016 at 8:14 p.m.
    h. March 2, 2016 at 8:20 p.m.
    i. March 7, 2016 at 8:18 p.m.

20. Plaintiff has repeatedly requested that Shellpoint cease calling his cellular phone and despite these requests, Shellpoint continues calling Plaintiff's cellular phone with ATDS and/or Robocalls.

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff re-alleges and reincorporates the preceding allegations by reference.

22. Despite being a mortgage servicer, Shellpoint is a debt collector as defined by the FDCPA because it acquired the Debt *after* it was in default.

23. Plaintiff is a consumer as defined by the FDCPA.

24. Shellpoint is engaging in unfair and deceptive collection practices in violation of the FDCPA.

25. Shellpoint intentionally violated 15 U.S.C. § 1692c(a)(1) when it called the Plaintiff after 9 p.m. on February 10, 2016.

26. Shellpoint violated 15 U.S.C. § 1692d(5) when it continuously called Plaintiff to collect a debt between the months of April 2015 and April 2016 causing his phone to ring repeatedly or engage Plaintiff in telephone conversations repeatedly, and when Shellpoint engaged in conduct with the intent to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt.

27. Shellpoint violated 15 U.S.C. § 1692f(1) when it attempted to collect a debt it was not entitled to collect or as permitted by law because Plaintiff does not owe the Debt.

28. Shellpoint has no legal right to pursue collection of the Debt because it is a non-recourse as defined by Arizona Revised Statutes §§ 33-729, 33-814.

29. Shellpoint violated 15 U.S.C. §1692e(1) by falsely representing the character, amount, and status of the Debt when it sends Plaintiff monthly mortgage statements, when it calls Plaintiff to collect the Debt, and when it sends Plaintiff any other correspondence regarding the Debt including, but not limited to, settlement offers.

30. Shellpoint violated 15 U.S.C. §1692e(5) by threatening to take any action that

cannot legally be taken or is not intended to be taken, specifically by threatening to foreclose on the Tucson Property.

31. Shellpoint violated 15 U.S.C. § 1692e(4) by misrepresenting or implying to Plaintiff that non-payment of the Debt would result in seizure, garnishment, attachment, or sale of any property or wages without any intention or legal ability to take such an action.

32. Plaintiff has suffered economic loss, emotional distress, and statutory damages as a result of Shellpoint's violations of the FDCPA.

## SECOND CLAIM FOR RELIEF

## TCPA VIOLATIONS

33. Plaintiff re-alleges and reincorporates the preceding allegations by reference.

34. The TCPA, 47 U.S.C. § 227(b)(1) prohibits Shellpoint from using an ATDS and/or Robocalls when calling Plaintiff without Plaintiff's express consent to do so.

35. Shellpoint called Plaintiff's cellular phone without his consent, and Shellpoint never obtained Plaintiff's permission prior express consent to call.

36. When Plaintiff answered calls from Shellpoint, he would hear "dead air" or a prerecorded message that instructed him to hold for the next available representative, and these characteristics are indicative of a telephone system using an ATDS or Robocall.

37. Shellpoint willfully called Plaintiff's cellular phone using an ATDS or Robocalls while knowing Shellpoint lacked the requisite consent to do so in violation of the TCPA.

38. Plaintiff was harmed and has suffered damages as a result of Defendant's actions.

39. Plaintiff has a private right of action against Shellpoint for violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

40. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made by Shellpoint in violation of the TCPA and for each call Shellpoint continues to make in violation of the TCPA.

5

41. Shellpoint knowingly and willingly violated the TCPA and Plaintiff is therefore entitled to treble damages.
42. Shellpoint failed to comply with the FDCPA and is liable to Plaintiff for actual damages and additional damages as the Court may allow pursuant to 15 U.S.C. § 1692k.
43. Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE,** Plaintiff demands Judgment against Shellpoint for statutory damages of $500.00 for each call determined to be in violation of the TCPA 47 U.S.C. § 227(b)(3) and treble damages for each call determined to be in willful violation of same; actual damages as defined by the FDCPA 15 U.S.C. § 1692k(a)(1); statutory damages of $1,000.00 pursuant to FDCPA 15 U.S.C. § 1692k(a)(2)(A); costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); punitive damages; and any other relief the Court may deem just and proper.

DATED: April 21, 2016

/s/ Rochelle N. Belnap

Rochelle N. Belnap
The Arizona Credit Law Group, PLLC
700 E Baseline Rd Suite C-3
Tempe, AZ 85283
(480) 907-6088

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2016, the Complaint was served this day on Defendant's Statutory Agent with a request for waiver of service of summons via U.S. Mail.

/s/ Rochelle N Belnap
Rochelle N Belnap
The Arizona Credit Law Group, PLLC
700 E Baseline Rd Suite C-3
Tempe, AZ 85283
(480) 907-6088
*Attorney for Plaintiff*

New Penn Financial, LLC
c/o Corporation Service Company
2338 W. Royal Palm Rd Ste J
Phoenix, AZ 85021
*Statutory Agent for New Penn Financial, LLC*